

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2007

# Gudalefsky v. PA Dept of Transp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1505

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gudalefsky v. PA Dept of Transp" (2007). *2007 Decisions*. Paper 430.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/430

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1505

CHERLENE GUDALEFSKY,
                                                    Appellant

v.

PA DEPARTMENT OF TRANSPORTATION

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 05-cv-0867
(Honorable John E. Jones III)

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 5, 2007

Before:  SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed September 14, 2007)

OPINION OF THE COURT

<u>PER CURIAM</u>.

    Appellant, Cherlene Gudalefsky, proceeding <u>pro</u> <u>se</u>, appeals from the District

Court's order granting Appellee's motion for summary judgment.  For the reasons that

follow, we will affirm.

Appellant filed a civil rights complaint, alleging that she was demoted from her position with the Pennsylvania Department of Transportation in retaliation for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Appellee filed a motion to dismiss, or, in the alternative, a motion for summary judgment. The District Court notified the parties that the motion would be treated as a motion for summary judgment and gave Appellant an opportunity to submit affidavits and supporting documents. Appellant submitted two unsigned documents, which attempted to clarify her complaint. The District Court liberally construed these documents as a brief in opposition to the motion for summary judgment. After reviewing Appellee's motion and supporting documentation, the District Court granted Appellee's motion for summary judgment.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's order granting summary judgment is plenary. Kreimer v. Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1250 (3d Cir. 1992). Summary judgment may be granted only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In a claim for retaliation, the plaintiff must first prove that conduct in question is protected by the First Amendment. Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). Next, the plaintiff must demonstrate "that the protected activity was a substantial factor in the alleged retaliatory action." Id. Once the plaintiff demonstrates

2

that her exercise of a constitutional right was a substantial factor in the alleged retaliatory action, the defendant may still prevail by proving that it would have taken the same adverse action absent the protected conduct. Id. at n.23.

Here, Appellee's motion for summary judgment is supported by a declaration from Appellant's immediate supervisor, Kennedy Tripp. In his declaration Tripp states that Appellant was demoted because she received two unsatisfactory employee performance reviews. (Def.'s. Ex. F to Mot. for Summ. J.) Furthermore, Tripp states that when he conducted Appellant's performance reviews, he was unaware that Appellant had previously filed a complaint with the EEOC for discrimination. (Id.)

It is a well settled principle of law that, when a party files a properly supported motion for summary judgment, an adverse party may not rest upon the mere allegations in the pleadings. Fed. R. Civ. P. 56(e). After Appellee filed its motion for summary judgment, Appellant was required, by affidavit or as otherwise provided in Fed. R. Civ. P. 56, "to set forth specific facts showing that there is a genuine issue for trial." Id. Appellant failed to do so.

Because Tripp was unaware that Appellant had filed a complaint with the EEOC at the time he conducted her performance reviews and because Appellant was demoted because of her unsatisfactory performance, the District Court properly granted Appellee's motion for summary judgment.

For the foregoing reasons, we will affirm the judgment of the District Court.

3